United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES LAMAR MAGEE,<br><br>　　　　　Defendant. | Case No.: CR 06-00663-SBA-1 (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

On May 15, 2007, Defendant James Lamar Magee was convicted two violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (possession with intent to distribute methamphetamine), one violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (possession with intent to distribute cocaine base), and one violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) (possession with intent to distribute cocaine base). He was sentenced to 60 months imprisonment, and forty-eight months of supervised release.

The Form 12 presently before the Court alleges that Defendant violated the following conditions of his supervised release: that he notify the probation officer at least 10 days prior to any change in residence or employment, that he submit a truthful and complete written report within the first five days of each month, that he shall not purchase, possess, use, or administer any controlled substance, and that he participate in drug treatment as directed by the probation officer.

At the May 13, 2013 before this Court, Defendant, who was in custody and represented by Martha Boersch, waived his right to proffer information at a detention hearing, while retaining his right to seek release at a later hearing should his circumstances change. Assistant United States Attorney Michelle Kane appeared on behalf of the United States. Probation officer Amy Rizor (for Sonia Lapizco) was also present.

1

The Court hereby detains Defendant, but because he has waived his right to present information under 18 U.S.C. § 3143(a)(1) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at any future time.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: May 13, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge